UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MATTHEW GUILLEN,<br><br>Plaintiff,<br><br>v.<br><br>TYLER SCHLEICHER, et al.,<br><br>Defendants. | No.  1:23-cv-01679 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF No. 2)<br><br>ORDER RECOMMENDING MATTER BE DISMISSED FOR FAILURE TO PROSECUTE AND FOR FAILURE OBEY A COURT ORDER<br><br>(ECF No. 6)<br><br>PLAINTIFF'S OBJECTIONS DUE **MAY 9, 2024** |

Plaintiff, a county jail inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  ECF No. 2.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that Plaintiff's application to proceed in forma pauperis be denied.  In addition, it will be recommended that this matter be dismissed without prejudice for failure to prosecute and for failure to obey a court order.

1

## I. RELEVANT FACTS

On December 6, 2023, Plaintiff was ordered to submit a signed application to proceed in forma pauperis or in the alternative to pay the filing fee. ECF No. 4. At that time, he was given thirty days to do so and he was cautioned that failure to timely comply with the Court's order might result in a recommendation that this matter be dismissed. Id. at 2.

Plaintiff failed to comply with the Court's order within the time allotted, and he did not file a request for an extension of time to do so. As a result, on February 1, 2024, the Court issued another order directing Plaintiff to show cause why this matter should not be dismissed for failure to obey a court order and to do so within thirty days. ECF No. 6. As an alternative to filing a showing of cause, however, Plaintiff was again given the option either to file a proper in forma pauperis application or to pay the filing fee for this case in full. Id. at 2.

On February 12, 2024, the Court's order which had directed Plaintiff to file a showing of cause was returned to it marked "Undeliverable, RTS, Not Deliverable as Addressed, Unable to Forward, Not in Custody." Since then, nothing else has been filed on the docket in this case.

## II. DISCUSSION

Courts have a duty to manage their dockets in a manner that is just and speedy. See Fed. R. Civ. P. 1; see In re Phenylpropanolamine, 460 F.3d 1217, 1227 (9th Cir. 2006) (stating orderly and expeditious resolution of disputes is of great importance to rule of law and delay in reaching merits is costly in money, memory, manageability, and confidence in process). Both the Court and the public have an interest in the disposal of cases in an expedient manner. See generally Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (presuming public has interest in expeditious litigation).

"The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash, 370 U.S. 626, 630-31 (1962); United States v. Gomez, 6 F.4th 992, 1013 (9th Cir. 2021) (citing Dietz v. Bouldin, 579 U.S. 40, 45 (2016) (quoting Link)).

The failure to follow a district court's local rules is a proper ground for dismissal. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (citation omitted).

Although it appears from the file that Plaintiff's copy of the order was returned, Plaintiff was properly served. It is Plaintiff's responsibility to keep the Court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

Plaintiff's failure to file a notice with the Court informing it of his current address, coupled with the fact that he has not responded to the past two orders the Court has issued, has substantially delayed the Court's ability to resolve this case. Therefore, in an effort to reduce the Court's caseload, the undersigned will recommend that Plaintiff's application to proceed in forma pauperis be denied and that this matter be dismissed without prejudice for failure to prosecute and for failure to obey a court order.[1]

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED, and

2  This action be DISMISSED without prejudice for failure to prosecute and for failure to obey a court order. See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen after being served with these findings and recommendations – **by May 9, 2024**, – Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate

---

[1] Although the Court has not weighed the five factors identified in Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) which are typically considered when dismissal for failure to obey a court order is considered (see id., at 831), it is not required to do so. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), as amended (May 22, 1992) ("Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered [the five] factors [in Thompson] . . . ."). The Ninth Circuit will review the record to independently determine if the district court has abused its discretion by dismissing a case for failure to comply with a court order. Id. at 1261 (citations omitted).

Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 25, 2024**          **/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

4