**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GABRIEL MATTHEW GUILLEN,<br><br>Plaintiff,<br><br>v.<br><br>TYLER SCHLEICHER, et al.,<br><br>Defendants. | No.  1:23-cv-01679 JLT GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DENYING THE APPLICATION TO PROCEED *IN FORMA PAUPERIS* AS MOOT<br><br>(Docs. 2, 8) |

Plaintiff was a county jail inmate when he initiated this action, asserting violations of his civil rights by officers with the "Special Enforcement Unit" of the Bakersfield Police Department. (Doc. 1.)  At the time Plaintiff filed his complaint, he also filed a motion to proceed *in forma pauperis*. (Doc. 2.)  However, the magistrate judge found the motion was deficient because it was incomplete and was unsigned. (Doc. 4 at 1.)  Therefore, the magistrate judge directed Plaintiff to file a motion that cured the identified deficiencies or to pay the filing fee. (*Id.* at 2.)  After Plaintiff failed to respond, the magistrate judge issued an order directing Plaintiff to show cause why the action should not be dismissed for failure to obey the order. (Doc. 6.)  The U.S. Postal Service returned the order, marked "Undeliverable, RTS, Not Deliverable as Addressed, Unable to Forward, Not in Custody" on February 12, 2024.

Following the return of the Court's mail, the magistrate judge found Plaintiff failed to prosecute the claim and failed to obey the Court's order to cure the deficiencies of his motion to

1

proceed *in forma pauperis*. (Doc. 8 at 1.) The magistrate judge observed the Court's has an interest in managing its docket, and "[b]oth the Court and the public have an interest in the disposal of cases in an expedient manner." (*Id.* at 2, citations omitted.) The magistrate judge also found that "Plaintiff's failure to file a notice with the Court informing it of his current address, coupled with the fact that he has not responded to the past two orders the Court has issued, has substantially delayed the Court's ability to resolve this case." (*Id.* at 3.) Consequently, the magistrate judge recommended the motion to proceed *in forma pauperis* be denied and the action "be dismissed without prejudice for failure to prosecute and failure to obey a court order." (*Id.*) The Court served the Findings and Recommendations on Plaintiff at the only known address, and the U.S. Postal Service returned the document as "Undeliverable" on May 6, 2024.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the findings that Plaintiff failed to comply with the Court's order to cure the deficient application to proceed in forma pauperis and Plaintiff's to prosecute are supported by the record and proper analysis. However, the magistrate judge declined to weigh the factors identified by the Ninth Circuit in prior to the imposition of terminating sanctions. (*See* Doc. 8 at 3, n. 1 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).)

Importantly, the Ninth Circuit has repeatedly indicated the Court should consider several factors prior to the imposition of terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). As the magistrate judge acknowledged, the Ninth Circuit expressed a preference for such analysis. *See Ferdik*, 963 F.2d at 1260-61 ("Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors…"); *Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) (observing that "explicitly addressing the relevant factors when contemplating dismissal" is "the preferred practice"); *but see Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (indicating "the

five factors… *must* be considered before dismissing a case" for failure to comply) (emphasis added). Given the Ninth Circuit's clear preference and instructions, the Court makes additional findings related to the propriety of terminating sanctions in this action.

In this matter, the public's interest in expeditiously resolving the litigation and the Court's interest in managing its docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to prosecute in a timely manner and communicate with the Court. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Thus, the first two factors weigh in favor of terminating sanctions. *Adriana In't Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("Where a court order is violated, the first two factors support sanctions").

To determine whether the defendant suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Service,* 833 F.2d 128, 131 (9th Cir. 1987) (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff did not take any action to prosecute this action after filing the complaint, causing unreasonable delays to the Court. Thus, this factor weighs in favor of terminating sanctions.

The Ninth Circuit also indicated it is an abuse of discretion to dismiss "without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal as the result of a

3

"willful violation" of a court order.  *Malone*, 833 F.2d at 133.  In the order directing Plaintiff to file a complete motion to proceed *in forma pauperis* or pay the filing fee, the Court informed Plaintiff that failure to comply would result in a recommendation that the action be dismissed. (Doc. 4 at 2.)  Importantly, the Court need only warn a party once that the matter could be dismissed to satisfy the requirements considering alternative sanctions.  *Ferdik*, 963 F.2d at 1262. Moreover, no lesser sanction is feasible due to the Court's inability to communicate with Plaintiff.  *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address").

Finally, the policy favoring disposition of cases on their merits is outweighed by the other factors that favor dismissal.  *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits… weighs against dismissal, it is not sufficient to outweigh the other four factors"). Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued April 25, 2024 (Doc. 8), are **ADOPTED**.
2. This action is **DISMISSED** without prejudice for failure to prosecute and for failure to obey a court order.
3. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is denied as **MOOT**.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 13, 2024**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

4